IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY P. PURDY, and <br> LASHAWN WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> HUBBARD, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 8:12CV192 <br><br><br><br> **MEMORANDUM** <br> **AND ORDER** |

      Plaintiff filed his Complaint in this matter on June 1, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis (filing no. 9) and paid the initial partial filing fee on August 7, 2012. (Filing No. 9; *see also* Docket Sheet.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

      Plaintiff filed his Complaint on June 1, 2012, against 15 individual Defendants and "Medical Staff and nurses." (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are almost completely illegible. Plaintiff mentions "money being taken and used by another" inmate, a "staff assault" he allegedly engaged in, "cleaning supplies" he did not receive, staff "refus[ing] to give [him] the ice back," a "flood" in his cell, a problem with his hand, and other unrelated allegations. (*Id.* at CM/ECF pp. 2-7.) However, the Complaint consists of, at best, nonsensical and illegible statements that the court simply cannot decipher. Additionally, Plaintiff does not request any relief from the court. Plaintiff submitted a separate Motion to the court requesting emergency relief relating to "freedom of religion" because Defendants did not provide him with the appropriate meals during Ramadan. (Filing No. 11.)

However, as best as the court can tell, the Complaint does not mention religion. (Filing No. 1.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.     DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations are nearly impossible to decipher. The allegations which the court can

decipher do not nudge any claim across the line from conceivable to plausible. Plaintiff does not set forth any specific actions taken by Defendants which violate any constitutional right or support a claim under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Plaintiff does not allege that Defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West,* 487 U.S. at 48; *Buckley*, 997 F.2d at 495. Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Defendants. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file a sufficient amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have until **October 1, 2012**, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file a sufficient amended complaint, Plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.      In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations.

Failure to consolidate all claims into one document may result in the abandonment of claims.

     3.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 1, 2012**, and dismiss if none filed.

     4.     Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

     5.     All other pending motions are denied.

DATED this 31st day of August, 2012.

                                 BY THE COURT:

                                 *s/ John M. Gerrard*
                                 United States District Judge

---

     *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.